NITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAIRWOOD VEREEN, | : | |
|    *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL CASE NUMBER |
| | : | |
| CITY OF NEW HAVEN PUBLIC WORKS | : | 3:17-cv-01509 (VLB) |
| DEPT., STEPHEN LIBRANDI, | : | |
| JEFFREY PESCOSOLIDO, | : | February 20, 2018 |
| EDWARD D'ANGELO, LYNWOOD | : | |
| DORSEY, | : | |
|    *Defendants.* | : | |

## MEMORANDUM OF DECISION DENYING MOTION TO STRIKE

This is a hostile work environment case. Plaintiff includes in his Amended Complaint [Dkt. 27] allegations that his coworkers engaged in racially charged conduct in Plaintiff's presence outside of the workplace as well as in the workplace while Plaintiff was absent. Defendant seeks to strike these allegations. [Dkt. 31.] For the reasons stated below, the motion is DENIED.

Federal Rule of civil Procedure 12(f) provides the standard for granting a motion to strike:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

As an initial matter, in this Circuit, motions to strike are generally looked upon with disfavor. *Harris v. United Techs. Corp.*, 241 F.R.D. 95, 99 (D. Conn.

1

2007); *D'Agostino v. Housing Auth. Of Waterbury*, 3:05-cv-1057, 2006 WL 1821355, at *1 (D. Conn. June 30, 2006); *Chen-Oster v. Goldman, Sachs & Co.*, 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012) (quoting *Chenensky v. N.Y. Life Ins. Co.*, No. 07 Civ. 11504, 2011 WL 1795305, at *1 (S.D.N.Y. Apr. 27, 2011)); *accord Calibuso v. Bank of Am. Corp.*, 893 F. Supp. 2d 374, 384 (E.D.N.Y. Sept. 27, 2012). The "courts should not tamper with the pleadings unless there is a strong reason for doing so." *Harris*, 421 F.R.D. at 99 (citing *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976); *Marshall v. New York State Public High School Athletic Assoc.*, 2017 WL 6003228, at *10 (W.D.N.Y. Dec. 4, 2017).

Turning to the merits of this case, Defendant correctly points out that to succeed on his claim of hostile work environment, Plaintiff must demonstrate that the workplace was "permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment." *Sanchez v. Univ. of Conn. Health Care*, 292 F. Supp. 2d 385, 395-396 (D. Conn. 2003) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)); *see also Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997) ("One of the critical inquiries in a hostile environment claim must be the *environment*. Evidence of a general work atmosphere . . . as well as evidence of specific hostility directed toward the plaintiff . . . is an important factor in evaluating the claim."); *Feliciano v. Alpha Sector, Inc.*, No. 00 CIV. 9309 (AGS), 2002 WL 1492139, at *8 (S.D.N.Y. July 12, 2002) ("[I]n order to be actionable the incidents of harassment must occur in concert or with a regularity that can be reasonably termed pervasive"). Defendant challenges paragraphs of

the Amended Complaint which allege conduct that occurred outside of the workplace or while Plaintiff was out of work on medical leave. [Dkt. 38 (Memorandum in Support of Motion to Strike) (challenging paragraphs 25, 26, 29, 40-41, and Exhibit B of the Amended Complaint).]

Conduct wholly outside of the workplace has been held insufficient to form the basis of a hostile work environment claim. *See Feliciano v. Alpha Sector, Inc.*, No. 00 CIV. 9309 (AGS), 2002 WL 1492139, at *8 (S.D.N.Y. July 12, 2002) (noting allegations "including the alleged kiss, the alleged telephone calls to Feliciano's home, and the 'surprise' meeting at the restaurant all occurred outside of the workplace," and finding the employer not liable for such "hostile sexual acts resulting from nonwork-related, off-duty interactions between co-employees"); *Devlin v. Teachers' Ins. & Annuity Ass'n of Am.*, No. 02 CIV. 3228 (JSR), 2003 WL 1738969, at *2 (S.D.N.Y. Apr. 2, 2003) ("As a general rule, employers are not responsible under Title VII for hostile sexual acts resulting from nonwork-related, off-duty interactions between co-workers, because those actions are not part of the work environment.")

Similarly, conduct that occurs while an employee is out on medical leave has been found insufficient to form the basis of a hostile work environment claim in light of the fact that, since the employee is absent from work, such conduct cannot affect an employee's working conditions. *See Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 510 (5th Cir. 2003) (upholding summary judgment because, among other things, the conduct complained of occurred while plaintiff was out of work on medical leave.) Conduct which occurs outside the

employee's presence, which the employee only learned of through hearsay, "cannot be said [to] adversely affect[] the terms and conditions of Plaintiff's employment."  *Dabney v. Christmas Tree Shops*, 958 F. Supp. 2d 439, 358-59 (S.D.N.Y. 2013).

      Had Plaintiff only relied on conduct which occurred outside the workplace or in the workplace while he was absent, the Court would agree that the paragraphs should be stricken.  However, Plaintiff does not allege that these occurrences are actionable; they are not separate claims at all.  Instead, Plaintiff includes these allegations in his Amended Complaint as facts supporting his claim that occurrences in the workplace were not benign, isolated incidents or stray comments, but rather were part of a series of events motivated by the racial bigotry of the perpetrators.  These allegations are accordingly relevant to Plaintiff's hostile workplace claim, and shall not be stricken.  *Schaefer v. Gen. Elec. Co.*, 3:07-cv-0858, 2008 WL 649189, at *3 (D. Conn. Jan. 22, 2008) ("Because pleadings are to be construed liberally, motions to strike are generally not favored and will be granted only upon a showing that the allegations in question have no possible bearing on the subject matter of the litigation."); *see also Echevarria v. Utitec, Inc.*, 2017 WL 4316390, at *7 (D. Conn. Sept, 28, 2017) (finding allegations of out-of-work harassment relevant to determining the "severity or pervasiveness" of the alleged workplace harassment); *Nassry v. St. Luke's Roosevelt Hospital*, 2016 WL 1274576, at *9 (S.D.N.Y. Mar. 31, 2016) ("Evidence of harassment . . . occurring outside Plaintiff's presence can be relevant to a hostile work environment claim."); *Harris*, 421 F.R.D. at 99 (finding references in the

complaint regarding defendant's stated reasons for firing plaintiff in 1991 could be relevant to defendant's refusal to rehire him in 2004, and should not be stricken, even though plaintiff could not state a viable claim challenging the 1991 firing on its own). Defendant's Motion to Strike is DENIED.

The parties are reminded that pursuant to the Court's scheduling order entered October 20, 2017 all discovery, including but not limited to depositions of expert witnesses, must be completed by May 1, 2018. Dispositive motions are due by June 15, 2018. If no dispositive motions are filed, the joint trial memorandum is due by July 16, 2018 and must adhere to the Court's chambers practices, which may be found on the District of Connecticut website. Jury selection will take place on September 4, 2018. If dispositive motions are filed, the joint trial memorandum is due by February 11, 2019, and jury selection will take place on April 2, 2019.

Finally, if at any time the parties believe settlement discussions would be fruitful, they are ordered to file a request for a referral to a magistrate judge for a settlement conference and promptly schedule the conference when the order of referral is entered. A timely request for a referral and scheduling of the settlement conference are required; the scheduling order will not be extended to accommodate settlement discussions, as they are an integral part of the litigation process.

**IT IS SO ORDERED.**

                                                                                 _____/s/_____
                                                                        **Hon. Vanessa L. Bryant**
                                                                        **United States District Judge**

**Dated at Hartford, Connecticut: February 20, 2018**